**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SCOTT ASH JAMES ZIRUS** | § | |
| **#1640002** | § | |
| | § | |
| **V.** | § | **A-16-CA-428-LY** |
| | § | |
| **SHARON FAYE KELLER,** | § | |
| **LAWRENCE E. MEYERS,** | § | |
| **BERT RICHARDSON, KEVIN YEARY,** | § | |
| **CHERYL A. JOHNSON,** | § | |
| **MICHAEL E. KEASLER, BARBARA P.** | § | |
| **HERVEY, ELSA ALCALA, DAVID** | § | |
| **NEWWELL, M . REX EMERSON,** | § | |
| **and SCOTT MONROE** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

Plaintiff brings a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Justices of the Texas Court of Criminal Appeals, M. Rex Emerson (presiding judge of the 198th Judicial District Court in Kerr County, Texas), and Scott Monroe (Kerr County District Attorney). Plaintiff

alleges his rights to procedural due process were violated during his state habeas corpus proceedings. Specifically, Plaintiff alleges he was denied appointed counsel on state habeas review.

According to Plaintiff, he filed "Applicant's First Motion for Appointment of Counsel for Habeas Corpus, Under Texas Fair Defense Act, Article 1.051 V.A.C.C.P." in the 198th Judicial District Court of Kerr County, Texas, on November 18, 2015. Plaintiff asserts he received a letter in response stating his motion had been forwarded to the 198th Judicial District and returned to the Kerr County District Clerk's Office with no action taken.

Plaintiff filed a petition for writ of mandamus with the Texas Court of Criminal Appeals seeking an order to compel the state trial court to accept, file, set, hear, and enter a final adjudication with regard to Plaintiff's motion for appointment of counsel. The Court of Criminal Appeals denied the petition on February 17, 2016. Plaintiff alleges:

> The Trial Courts [sic] failure to preform [sic] ministerial duties upon properly filed Motion, namely failure to accept, file, set, hear and then make a final ruling; violated Plaintiff's rights and constituted a Procedural Due Process violation under the 14th Amendment and deprived him of his liberty interest.

> The Texas Court of Criminal Appeals [sic] failure to cure the Trial Courts [sic] violation of its ministerial duty further violated Plaintiff's rights and constituted a Procedural Due Process violation under the 14th Amendment and deprived him of his liberty interest.

Plaintiff argues indigent prisoners have the right to the appointment of counsel on state habeas review. He maintains the failure to appoint counsel violates the Due Process and Equal Protection Clauses under the Fourteenth Amendment. Plaintiff concludes, because he was denied counsel during state habeas review, he was denied fair process and meaningful opportunity to comply with the state's procedures and obtain an adjudication on the merits of his ineffective

2

assistance of counsel claims.  He states he should be appointed counsel and his next state habeas application should be considered his first.

Plaintiff requests the Court to issue a declaration that (1) his constitutional rights have been violated, (2) indigent prisoners have the right to counsel on state habeas review, and (3) the policy, practice or custom of the defendants is unconstitutional.  Plaintiff further requests an injunction ordering (1) the Texas Court of Criminal Appeals to properly adjudicate his original petition for writ of mandamus, (2) the trial court to accept, file, set, hear, and make a final ruling on Plaintiff's motion seeking the appointment of counsel, (3) the defendants to appoint counsel to Plaintiff and allow him the opportunity to file a subsequent state application for habeas corpus relief raising his ineffective assistance of counsel claims, and (4) the defendants to afford Plaintiff meaningful procedural due process.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

3

the judicial machinery with meritless litigation and abuse already overloaded court dockets."

Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

      B.     Mandamus

Plaintiff's challenge is construed as an application for writ of mandamus because Plaintiff is merely seeking to have the federal court direct the state court to perform its duties as he wishes. Although the writ of mandamus was abolished by FED. R. CIV. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law.  28 U.S.C. § 1651.  But a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.  Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970).  Accordingly, to the extent Plaintiff requests mandamus relief, his request should be dismissed. See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); Rhodes v. Keller, 77 Fed. Appx. 261 (5th Cir. 2003) (affirming dismissal as frivolous of § 1983 complaint, construed as a petition for mandamus relief, because plaintiff was merely seeking to have the federal court direct the state court to perform its duties as he wished).

In addition, the law does not require state courts to process motions and state applications for habeas corpus relief in a manner acceptable to Plaintiff.  Plaintiff has not shown the defendants used procedures that resulted in a violation of his constitutional rights.  Moreover, a petitioner

serving a non-capital sentence has no right to counsel in a habeas proceeding. <u>McFarland v. Scott</u>, 512 U.S. 849, 957 n. 3 (1994). As such, Plaintiff fails to allege a basis for relief under § 1983.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. <u>See</u>, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on April 8, 2016.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE